# PEPE&HAZARD LLP

A BUSINESS LAW FIRM

---

30 JELLIFF LANE
SOUTHPORT, CONNECTICUT 06890-1436
203.319.4000 FACSIMILE: 203.259.0251

JOSEPH W. MARTINI
Attorney At Law
‡Also Admitted in NY & D.C.
Direct Dial: 203.319.4002
jmartini@pepehazard.com

April 29, 2005

The Honorable Alvin W. Thompson
United States District Judge
United States District Court
450 Main Street
Hartford, CT 06103

Re:   United States v. Rodney Brandy, Crim. No. 3:02CR250 (AWT)

Dear Judge Thompson:

     On June 18, 2004, I was appointed by the Second Circuit to represent Mr. Brandy in connection with his appeal to that Court from the sentence imposed by your Honor on October 22, 2003. My appointment was made pursuant to the Criminal Justice Act ("CJA").

     While Mr. Brandy's appeal was pending before the Second Circuit, the United States Supreme Court decided United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005). Soon thereafter, the Second Circuit decided United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) and set forth the procedure for district courts to follow in situations where cases are remanded in light of the Booker decision. Specifically, in Crosby, the Second Circuit remanded to the district court so that the court could "consider, based on the circumstances at the time of the original sentence, *whether* to resentence, after considering the currently applicable statutory requirements as explicated in Booker/Fanfan and this opinion." Id. at 120. The Crosby court suggested that "in making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but 'need not' require the presence of the defendant . . .." Id.

     Following the Booker decision, I filed, on Mr. Brandy's behalf, a motion to remand his case to this Court for resentencing. On March 16, the government consented to a limited Crosby remand. Thus, on April 6, 2005, the Second Circuit issued an Order stating "in light of the Supreme Court's decision in the United States v. Booker, 125 S.Ct. 738 (2005), and this court's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) . . . the case is remanded to the District Court for further proceedings in conformity with Crosby."

**PEPE&HAZARD** LLP

The Honorable Alvin W. Thompson
April 29, 2005
Page 2

  In light of the Second Circuit's April 6, 2005 Order, remanding Mr. Brandy's case to this Court, I respectfully request that the Court appoint me as CJA counsel for Mr. Brandy in connection with any proceedings in the district court pursuant to this remand. I also write, pursuant to the suggested procedure outlined in Crosby, to request permission to file with this Court a brief in support of Mr. Brandy's claim that he should be resentenced by this Court in light of Booker/Fanfan.

Respectfully Submitted,

Joseph W. Martini

JWM:dlo

cc: H. Gordon Hall, Esq.
   Assistant United States Attorney