UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:02CR250(AWT) |
| v. | : | |
| RODNEY BRANDY | : | APRIL 6, 2006 |

GOVERNMENT'S CROSBY SENTENCING MEMORANDUM

The Court of Appeals has remanded the instant case to the District Court for consideration of whether re-sentencing is appropriate in light of United States v. Booker, 125 S.Ct. 738(2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The defendant has filed a memorandum regarding the issue of re-sentencing with the consent of the Government. For the reasons set forth at the original sentencing and below, the Government urges the Court to leave the defendant's sentence undisturbed.

As the Court is aware, in the wake of Booker, the U.S. Sentencing Guidelines are strictly advisory. The Court of Appeals has instructed district courts to re-sentence upon remand if, had the Guidelines been advisory at the time of sentencing, the court would have imposed a sentence which is "non-trivially different" from the one actually imposed. United States v. Crosby, 397 F.3d at 118.

In support of his argument that the Court should vacate the defendant's original sentence and impose a new one, the defendant points out that the Court observed that the defendant's final Guideline range was "very high," and asserts that the Court "nevertheless viewed itself as bound by the calculated Sentencing

Guideline range, and thus sentenced the defendant to the very bottom of that Guideline range." Defendant's Memo at 2. The Government does not quibble with the defendant's rendition of what the Court actually said or did, but the record does not establish the causal connection between the then-mandatory status of the Guidelines and the sentence the Court chose to impose implied by the defendant.

In denying the defendant's request for a downward departure in recognition of his military service, the Court stated that

> I must admit that even if for some reason you did meet the standard for a downward departure, I would choose not [to] exercise my discretion to depart downward based on the specific facts and circumstances of this case in terms of the [statutory] purposes of imposing a criminal sentence. I believe the need for general deterrence, for one thing, would suggest that it's inappropriate to depart downward in this case on such a ground, even if you did meet the standard.

AA202. Thus, the Court has stated in so many words that the sentence it chose to impose was appropriate, not only under the Guidelines, but also under 18 U.S.C. 3553(a), which, along with the calculated Guidelines, is where the Court is left in the wake of <u>Booker</u>.

For the reasons set forth above and for those which obtained at the time of sentencing, the Court should decline to vacate the defendant's sentence and impose a new one.

                                         Respectfully submitted,

                                         KEVIN J. O'CONNOR
                                         UNITED STATES ATTORNEY

                                         H. GORDON HALL
                                         ASSISTANT UNITED STATES ATTORNEY
                                         FEDERAL BAR NO. CT05153


                           BY:   S. DAVE VATTI
                                 ASSISTANT U.S. ATTORNEY
                                 FEDERAL BAR NO. CT11957
                                 450 MAIN STREET
                                 HARTFORD, CT  06103
                                 (860) 947-1101

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing was mailed, postage pre-paid, this 6th day of April, 2006 to:

Joseph W. Martini, Esq.
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436

                                   _____
                                   S. DAVE VATTI
                                   ASSISTANT U.S. ATTORNEY