UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 JUN -5  P 2:40

```
------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :   CRIM. NO. 3:02CR00250(AWT)
                              :
RODNEY BRANDY                 :
                              :
------------------------------x
```

### RULING ON REQUEST FOR POST-BOOKER RESENTENCING UPON REMAND

Defendant Rodney Brandy pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, which was crack cocaine, in violation of 21 U.S.C. § 846. On October 22, 2003, the defendant was sentenced principally to a term of imprisonment for 108 months, followed by a period of supervised release of five years. The defendant appealed his sentence but then moved to remand the case for resentencing. The Court of Appeals granted that motion in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and the case was remanded to this court for further proceedings in conformity with Crosby.

Pursuant to Crosby, a district court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the

original sentence, if the judge had discharged his or her obligations under the post-<u>Booker/Fan Fan</u> regime and counsel had availed themselves of their new opportunities to present relevant considerations . . . ." <u>Crosby</u>, 397 F.3d at 117. "In making that threshold determination, the [district court] should obtain the views of counsel, at least in writing, but need not require the presence of the defendant . . . ." <u>Id.</u> at 120. However, the district court need not hold a hearing in order to reach its decision as to whether to resentence the defendant. If, after considering the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, the court concludes "that the original sentence would have differed in a non-trivial manner from that imposed," <u>id.</u> at 118, then a full resentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure is required.

The court has reviewed all the materials set forth in the appendix for appellant Rodney Brandy filed with the Second Circuit (<u>see</u> attachment to Rodney Brandy's Memorandum in Support of His Request that the Court Resentence Him in Light of <u>United States v. Booker</u> and <u>United States v. Crosby</u>, dated March 22, 2006 (Doc. No. 660) (the "Defendant's Resentencing Memorandum"), including the Presentence Report and the addenda thereto, the defendant's Memorandum in Aid of Sentencing and Downward

Departures dated July 22, 2002, and the transcripts of (i) the sentencing hearing on July 24, 2003, (ii) the status conference on October 17, 2003, and (iii) the continued sentencing hearing on October 22, 2003. The court has also reviewed the Government's <u>Crosby</u> Sentencing Memorandum, dated April 6, 2006 (Doc. No. 662). The court has treated the Sentencing Guidelines as advisory and considered each of the factors set forth in 18 U.S.C. § 3553(a). After doing so, the court concludes that it would not have sentenced the defendant to a different sentence had the Sentencing Guidelines been advisory at the time the original sentence was imposed.

In support of his argument that the court should vacate the original sentence and impose a lower one, the defendant notes that the court observed on the day the original sentence was imposed that the defendant's final Guidelines range was "a very high range." However, the defendant's argument fails to put this statement in context. At the time of sentencing, the court concluded that the defendant did not meet the standard for a downward departure based on his military service, and the court then stated to the defendant that "even if for some reason you did meet the standard for a downward departure, I would choose not [to] exercise my discretion to depart downward based on the specific facts and circumstances of this case in terms of the

needs that I think should be taken into account in terms of the purposes of imposing a criminal sentence." 10/22/03 Sentencing Tr., at 23. The court then went on to state, as it was required to do because the applicable Guidelines range exceeded 24 months, the reasons why it was choosing to impose a sentence at a particular point in the range. It was at that point that the court stated that the defendant was exposed to a "very high range" and also that in light of that fact and the defendant's "personal history and characteristics, [his] military service, [and] the reasons for which [he] got involved in the offense," a "sentence at the bottom of the range [was] . . . most appropriate." 10/22/03 Sentencing Tr., at 23-24.

With one exception, the other arguments referred to by the defendant in support of his request for resentencing are all arguments the court considered in connection with the original sentencing, and the court's analysis as to how to fashion a sentence in light of the factors set forth in § 3553(a) remains unchanged. The new argument raised by the defendant is that, because his offense involved crack cocaine, the Guidelines range was greater than necessary to comply with the purposes of sentencing; the defendant makes reference to the fact that the Sentencing Commission sought unsuccessfully to reduce the disparity between sentences for offenses involving crack cocaine

and those involving powder cocaine. The court finds the defendant's new argument unpersuasive. At sentencing, the court informed the defendant that the purposes of sentencing of which the court was most aware in his case were the need for just punishment and the need for general deterrence. 10/22/03 Sentencing Tr., at 22. The court also advised the defendant that "part of the meaning of a just punishment is that it not be unduly different from sentences received by defendants with similar records who have been convicted of similar conduct." 10/22/03 Sentencing Tr., at 21. There is nothing about this defendant not already considered by the court in connection with the original sentencing, and nothing about the circumstances of this defendant's involvement in an offense involving crack cocaine, that makes it appropriate to treat him differently from defendants with similar records who have been convicted of offenses involving crack cocaine, and it is not a general practice for sentencing judges to reduce a defendant's sentence because the Sentencing Commission sought unsuccessfully to reduce the disparity between sentences for offenses involving crack cocaine and those involving powder cocaine. Thus, the court sees nothing specific to this defendant's involvement with crack cocaine that suggests that the Guidelines range was greater than necessary to comply with the purposes of sentencing.

For the reasons set forth above, the defendant's request for resentencing, included in the Defendant's Sentencing Memorandum (Doc. No. 660), is hereby DENIED. Accordingly, the Judgment in a Criminal Case dated October 30, 2003 (Doc. No. 495) remains in full force and effect.

The court notes that the mandate from the Second Circuit states that any appeal taken from this court's decision on remand can be initiated only by filing a new notice of appeal. See Fed. R. of App. P. 3, 4(b).

It is so ordered.

Dated this 6th day of June 2006 at Hartford, Connecticut.

                              Alvin W. Thompson
                              United States District Judge