# MANDATE

*Hartford, Ct.*
*02-cr-250*
*THOMPSON*

06-2843-cr
United States v. Brandy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand seven.

PRESENT:

    HON. ROBERT D. SACK,
    HON. PETER W. HALL,
    HON. DEBRA ANN LIVINGSTON,

        Circuit Judges.



(Seal: UNITED STATES COURT OF APPEALS — FILED NOV 19 2007 — Catherine O'Hagan Wolfe, Clerk — SECOND CIRCUIT)

-------------------------------------

UNITED STATES OF AMERICA,

    Appellee,

- v -                          No. 06-2843-cr

RODNEY BRANDY,

    Defendant-Appellant.

-------------------------------------

Appearing for Appellant:    Joseph W. Martini, Wiggin and Dana LLP, New Haven, CT.

ISSUED AS MANDATE: 12/17/07

```
 1     Appearing for Appellee:      Kevin J. O'Connor, United States
 2                                  Attorney for the District of
 3                                  Connecticut, H. Gordon Hall and
 4                                  William J. Nardini, Assistant
 5                                  United States Attorneys, New Haven,
 6                                  CT.
```

      Appeal from an order of the United States District Court for the District of Connecticut (Alvin W. Thompson, <u>Judge</u>).

      UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

      Defendant-appellant Rodney Brandy appeals from an order, entered June 6, 2006, denying his request for resentencing. Brandy pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846. On October 22, 2003, the district court imposed a sentence at the low end of the United States Sentencing Guidelines range, principally 108 months' imprisonment. On remand pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the district court considered the sentencing factors listed in 18 U.S.C. § 3553(a) and determined that Brandy's sentence would have been no different had the Guidelines been advisory at the time it was initially imposed.

      We assume the parties' and counsel's familiarity with the underlying facts and procedural history of the case.

      On appeal, the defendant argues that his sentence is substantively unreasonable because the application of the 100-to-1 crack-powder cocaine ratio resulted in a "greater than necessary" sentence, given the defendant's military service, education, and lack of prior criminal history.

      Upon review of the record, we conclude that Brandy's sentence is substantively reasonable. At both the original sentencing and on Brandy's request for resentencing, the district court fully considered Brandy's personal circumstances and the purposes of the sentence and determined that the Guidelines sentence was appropriate. The district court also concluded that nothing specific to Brandy's case made application of the 100-to-1 ratio unfair. The sentence imposed, 108 months, "was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented." <u>United</u>