Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Joseph W. Martini
203.498.4310
203.782.2889 fax
jmartini@wiggin.com

**WIGGIN AND DANA**

*Counsellors at Law*

February 8, 2008

The Honorable Alvin W. Thompson
United States District Judge
United States District Court
Abraham Ribicoff Federal Building
450 Main Street - Suite 240
Hartford, Connecticut 06103

RE:   *United States v. Rodney Brandy*, No. 3:02cr250 (AWT)

Dear Judge Thompson:

On or about June 18, 2004, I was appointed by the Second Circuit to represent Mr. Rodney Brandy in connection with his appeal from the sentence imposed by your Honor on October 22, 2003. My appointment was made pursuant to the Criminal Justice Act ("CJA").

Following that appointment, which resulted in a *Crosby*-remand to this Court, your Honor extended my CJA appointment per an Order dated May 9, 2005 for purposes of representing Mr. Brandy on his *Crosby*-remand. In ruling on that *Crosby*-remand, this Court decided that it would not impose a different sentence were it to resentence Mr. Brandy under an advisory guideline system, and therefore declined resentencing of Mr. Brandy. And the Second Circuit affirmed. *United States v. Brandy*, No. 06-2843-CR, 2007 WL 4102745 (2d Cir. Nov. 19, 2007). Mr. Brandy, therefore, remains incarcerated under the terms of his original sentence.

Recently, the United States Sentencing Commission promulgated retroactive amendments to the sentencing guidelines, reducing the base level offense for those convicted of crack. *United States v. Polanco*, No. 02 Cr. 442-02 (GEL), 2008 WL 144825, at *1-3 (S.D.N.Y. Jan. 15, 2008). Those amendments may implicate Mr. Brandy. In fact, the Court of Appeals expressly reserved to your Honor jurisdiction to decide the applicability of the amended guidelines, if and when they were made retroactive. *Brandy*, 2007 WL 4102745 at *1 ("Should the Sentencing Commission determine that the amendment is to be given retroactive effect . . . the district court will have jurisdiction to decide in the first instance whether to modify Brandy's sentence accordingly"). Indeed, the Court of Appeals affirmed Mr. Brandy's *Crosby*-

February 8, 2008
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

remand-appeal "without prejudice to Brandy's ability to move for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Id.* at *1.

Based on the foregoing, the undersigned respectfully requests that this Court renew my CJA appointment so that I may evaluate whether Mr. Brandy may avail himself of the retroactive crack amendments, and seek relief in this Court pursuant to 18 U.S.C. §3582(c)(2).

Respectfully submitted,

Joseph W. Martini

cc:   H. Gordon Hall, Esq.
      Assistant United States Attorney

\88888888\280\693735.1